UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KIM KAUFMAN and GLENN KAUFMAN,

|  |  |
|---|---|
| Plaintiffs, | Civ. Act. No.:  08 CIV. 5401 |

-against-

**ANSWER TO COMPLAINT**

UNITEDHEALTH GROUP INC.,
UNITEDHEALTHCARE, UNITED HEALTHCARE
INSURANCE COMPANY OF NEW YORK,
UNITEDHEALTHCARE OF NEW YORK, INC.,
OXFORD HEALTH PLANS LLC and OXFORD
HEALTH PLANS (NY), INC.,

DOCUMENT
ELECTRONICALLY FILED

Defendants.
-------------------------------------------------------------X

Defendants, UNITEDHEALTH GROUP INC., UNITEDHEALTHCARE, UNITED

HEALTHCARE INSURANCE COMPANY OF NEW YORK, UNITEDHEALTHCARE OF

NEW YORK, INC., OXFORD HEALTH PLANS LLC and OXFORD HEALTH PLANS (NY),

INC., by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for their Answer to

plaintiffs' Complaint, respectfully sets forth the following upon information and belief:

### NATURE OF ACTION

FIRST.        Deny knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in paragraph "1" of plaintiffs' Complaint as alleged, and

respectfully refers all questions of law to the Honorable Court.

SECOND.        Deny each and every allegation contained in paragraph "2" of plaintiffs'

Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and

respectfully refer to the terms of plaintiff's employee benefit plans for the terms, conditions,

limitations and exclusions set forth therein and respectfully refer to the claim file kept and

maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRD.    Deny each and every allegation contained in paragraph "3" of plaintiffs' Complaint.

FOURTH.    Deny each and every allegation contained in paragraph "4" of plaintiffs' Complaint.

FIFTH.    Deny each and every allegation contained in paragraph "5" of plaintiffs' Complaint and respectfully refer all questions of law to the Honorable Court.

## THE PARTIES

SIXTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of plaintiffs' Complaint and respectfully refer all questions of law to the Honorable Court.

SEVENTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of plaintiffs' Complaint as alleged, *except* admits that at all times relevant to this matter, KIM and GLENN KAUFMAN were enrolled in a health Plan sponsored by American Securities Capital Partners, LLC ("ASCP") and that UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK and/or OXFORD HEALTH PLANS (NY), INC. provided administrative and insurance services to the healthcare benefit Plan sponsored by ASCP for its employees.

EIGHTH.    Admit that UNITEDHEALTH GROUP, INC. is the parent corporation of OXFORD HEALTH PLANS LLC and deny the remaining allegations contained in paragraph "8" of plaintiffs' Complaint as alleged.

NY/530585v1

NINTH.    Deny each and every allegation contained in paragraph "9" of plaintiffs' Complaint as alleged.

TENTH.    Admit that UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK is a licensed insurance company in the State of New York and UNITED HEALTHCARE OF NEW YORK, INC. is a licensed health maintenance organization in New York and deny the remaining allegations contained in paragraph "10" of plaintiffs' Complaint as alleged.

ELEVENTH. Admit that UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK ("UNITED") insured the health benefit Plan established and maintained by ASCP effective January 1, 2007, deny that "UnitedHealthcare" was the health benefit Plan provider and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "11" of plaintiffs' Complaint.

TWELFTH.    Admit that OXFORD HEALTH PLANS LLC is a subsidiary of UNITEDHEALTH GROUP INC. and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "12" of plaintiffs' Complaint.

THIRTEENTH.    Admit that OXFORD HEALTH PLANS (NY), INC. insures the out-of-network health benefit Plans in New York and deny the remaining allegations contained in paragraph "13" of the Complaint.

FOURTEENTH.    Admit that OXFORD HEALTH PLANS (NY), INC. ("OXFORD") insures the group health out-of-network benefit Plan established and maintained by ASCP effective March 1, 2006 through December 31, 2006 and deny the remaining allegations contained in paragraph "14" of the Complaint.

NY/530585v1

## JURISDICTION AND VENUE

FIFTEENTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

SIXTEENTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

SEVENTEENTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

EIGHTEENTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

NINETEENTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court, *except* admits venue is properly laid in the Southern District of New York.

TWENTIETH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFF'S "FACTS"

TWENTY-FIRST.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of plaintiffs' Complaint as alleged

4

and respectfully refers all questions of law to the Honorable Court, *except* admit that defendant OXFORD and defendant UNITEDHEALTHCARE at different times, provided administrative and insurance services to the healthcare benefit Plan sponsored by ASCP for its employees (the "Plan") and that the Plan is and was subject to the provisions of ERISA.

TWENTY-SECOND.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

TWENTY-THIRD.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "23" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

TWENTY-FOURTH.        Deny the truth of each and every allegation contained in paragraph "24" of plaintiffs' Complaint as alleged, *except* admits GLENN KAUFMAN was a participant in the Plan.

TWENTY-FIFTH.    Deny the truth of each and every allegation contained in paragraph "25" of plaintiffs' Complaint as alleged, *except* admits KIM KAUFMAN was a beneficiary under the Plan.

TWENTY-SIXTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SEVENTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of plaintiffs' Complaint

as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-EIGHTH.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "28" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-NINTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTIETH.  Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "30" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FIRST.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

NY/530585v1

THIRTY-SECOND.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "32" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-THIRD.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FOURTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FIFTH.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SIXTH.       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "36" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular

7

course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SEVENTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "37" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-EIGHTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "38" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-NINTH.      Deny each and every allegation contained in paragraph "39" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

FORTIETH.   Deny each and every allegation contained in paragraph "40" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

FORTY-FIRST.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "41" of plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Honorable Court.

FORTY-SECOND.    Deny each and every allegation contained in paragraph "42" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

FORTY-THIRD.    Deny each and every allegation contained in paragraph "43" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

FORTY-FOURTH.    Deny each and every allegation contained in paragraph "44" of plaintiffs' Complaint and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

FORTY-FIFTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "45" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SIXTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "46" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular

course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-SEVENTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "47" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-EIGHTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "48" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

FORTY-NINTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "49" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

FIFTIETH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "50" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, *except* deny that defendants imposed "outrageous deadlines" or acted in bad faith.

FIFTY-FIRST.        Deny each and every allegation contained in paragraph "51" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court, *except* admits OXFORD denied plaintiffs' May 1, 2006, claim because the services are not covered benefits under the Plan.

FIFTY-SECOND.        Deny each and every allegation contained in paragraph "52" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court, *except* admits OXFORD denied plaintiffs' May 1, 2006, claim because the services are not covered benefits under the Plan.

FIFTY-THIRD.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "53" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances set forth therein.

FIFTY-FOURTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "54" of plaintiffs' Complaint as alleged, and respectfully refers to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

FIFTY-FIFTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "55" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances set forth therein.

FIFTY-SIXTH.        Deny each and every allegation contained in paragraph "56" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court, *except* admit OXFORD denied plaintiffs' claim because the services are not covered benefits under the Plan.

FIFTY-SEVENTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "57" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances set forth therein.

FIFTY-EIGHTH.      Admit to the truth of each and every allegation contained in paragraph "58" of plaintiffs' Complaint.

FIFTY-NINTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "59" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances set forth therein.

NY/530585v1

SIXTIETH.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "60" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances set forth therein.

SIXTY-FIRST.     Deny each and every allegation contained in paragraph "61" of plaintiffs' Complaint.

SIXTY-SECOND.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "62" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, *except* admit that on October 16, 2006, OXFORD issued a final determination denying benefits related to the May 1, 2006 procedure for the reasons expressed in that letter.

SIXTY-THIRD.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "63" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-FOURTH.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "64" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular

course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-FIFTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "65" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-SIXTH.    Deny each and every allegation contained in paragraph "66" of plaintiffs' Complaint as alleged and respectfully refer all questions of law to the Honorable Court, and respectfully refers to the Plan for the terms, conditions, limitation and exclusions set forth therein, except admit that defendant OXFORD properly paid the amount of benefits provided for in the Plan documents for out-of-network services.

SIXTY-SEVENTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "67" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-EIGHTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "68" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SIXTY-NINTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "69" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTIETH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "70" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTY-FIRST.    Deny each and every allegation contained in paragraph "71" of plaintiffs' Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refer to the Plan for the terms, conditions, limitation and exclusions set forth therein, except admit that defendant OXFORD properly paid the amount of benefits provided for in the Plan documents for out-of-network services.

SEVENTY-SECOND.        Deny each and every allegation contained in paragraph "72" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

SEVENTY-THIRD.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "73" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular

course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTY-FOURTH.        Deny each and every allegation contained in paragraph "74" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

SEVENTY-FIFTH.   Deny each and every allegation contained in paragraph "75" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

SEVENTY-SIXTH.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "76" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

SEVENTY-SEVENTH.        Deny each and every allegation contained in paragraph "77" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

SEVENTY-EIGHTH.          Deny each and every allegation contained in paragraph "78" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

SEVENTY-NINTH.  Deny each and every allegation contained in paragraph "79" of plaintiffs' Complaint.

EIGHTIETH.          Deny each and every allegation contained in paragraph "80" of plaintiffs' Complaint.

EIGHTY-FIRST.          Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "81" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

EIGHTY-SECOND.  Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "82" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

EIGHTY-THIRD.          Admit to the truth of each and every allegation contained in paragraph "83" of plaintiffs' Complaint.

EIGHTY-FOURTH.  Deny each and every allegation contained in paragraph "84" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by

NY/530585v1

defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court, and specifically refer to the December 6, 2006 IPRO determination for the contents thereof.

EIGHTY-FIFTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "85" of plaintiffs' Complaint as alleged, and respectfully refer to the IPRO December 6, 2006 determination for the contents thereof.

EIGHTY-SIXTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "86" of plaintiffs' Complaint as alleged, and respectfully refer to the IPRO December 6, 2006 determination for the contents thereof.

EIGHTY-SEVENTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "87" of plaintiffs' Complaint as alleged, and respectfully refer to the IPRO December 6, 2006 determination for the contents thereof.

EIGHTY-EIGHTH.    Deny each and every allegation contained in paragraph "88" of plaintiffs' Complaint.

EIGHTY-NINTH.    Deny each and every allegation contained in paragraph "89" of plaintiffs' Complaint as alleged.

NINETIETH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "90" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular

NY/530585v1

course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

NINETY-FIRST.    Deny each and every allegation contained in paragraph "91" of plaintiffs' Complaint.

NINETY-SECOND.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "92" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

NINETY-THIRD.    Deny each and every allegation contained in paragraph "93" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

NINETY-FOURTH.   Deny each and every allegation contained in paragraph "94" of plaintiffs' Complaint.

NINETY-FIFTH.    Deny each and every allegation contained in paragraph "95" of plaintiffs' Complaint as alleged, and respectfully refer to the claim files kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein, and respectfully refer all questions of law to the Honorable Court.

NINETY-SIXTH.    Deny each and every allegation contained in paragraph "96" of plaintiffs' Complaint.

## AS AND FOR FIRST CAUSE OF ACTION
## (IMPROPER DENIAL OF BENEFITS)

NINETY-SEVENTH.        In response to paragraph "97" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "96" inclusive, with the same force and effect as if more fully set forth at length herein.

NINETY-EIGHTH.    Deny the truth of each and every allegation contained in paragraph "98" of plaintiffs' Complaint as alleged, *except* admits that plaintiffs are participants and/or beneficiaries under the Plan.

NINETY-NINTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "99" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court.

ONE HUNDREDTH.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "100" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

ONE HUNDRED FIRST.        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "101" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

NY/530585v1

ONE HUNDRED SECOND. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "102" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

ONE HUNDRED THIRD.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "103" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

ONE HUNDRED FOURTH. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "104" of plaintiffs' Complaint as alleged, and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

ONE HUNDRED FIFTH.     Deny each and every allegation contained in paragraph "105" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the terms of plaintiff's employee benefit plans for the terms, conditions, limitations and exclusions set forth therein and respectfully refer to the claim file kept and maintained by defendants in the regular course and scope of their business for the contents thereof as to the facts and circumstances recorded therein.

NY/530585v1

ONE HUNDRED SIXTH.    Deny each and every allegation contained in paragraph "106" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court.

ONE HUNDRED SEVENTH.    Deny each and every allegation contained in paragraph "107" of plaintiffs' Complaint.

ONE HUNDRED EIGHTH.    Deny each and every allegation contained in paragraph "108" of plaintiffs' Complaint.

**AS AND FOR SECOND CAUSE OF ACTION**
**(DECLARATORY RELIEF)**

ONE HUNDRED NINTH.    In response to paragraph "109" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "108" inclusive, with the same force and effect as if more fully set forth at length herein.

ONE HUNDRED TENTH.    Deny each and every allegation contained in paragraph "110" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

ONE HUNDRED ELEVENTH.    Deny each and every allegation contained in paragraph "111" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court.

ONE HUNDRED TWELFTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "112" of plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Honorable Court.

NY/530585v1

ONE HUNDRED THIRTEENTH.    Deny each and every allegation contained in paragraph "113" of plaintiffs' Complaint.

## AS AND FOR THIRD CAUSE OF ACTION
## (DECLARATORY RELIEF)

ONE HUNDRED FOURTEENTH.    In response to paragraph "114" of plaintiffs' Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "113" inclusive, with the same force and effect as if more fully set forth at length herein.

ONE HUNDRED FIFTEENTH.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "115" of plaintiffs' Complaint and respectfully refer all questions of law to the Honorable Court.

ONE HUNDRED SIXTEENTH.    Deny each and every allegation contained in paragraph "116" of plaintiffs' Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

ONE HUNDRED SEVENTEENTH.    Plaintiff failed to exhaust all administrative remedies for dental care and treatment.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ONE HUNDRED EIGHTEENTH.    Plaintiffs' claims for dental care and treatment are not covered pursuant to the explicit terms and conditions of the subject ERISA Plan.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

ONE HUNDRED NINETEENTH.    To the extent plaintiff received covered out-of-network services, benefits were properly paid pursuant to the unambiguous terms of the governing ERISA Plans and no further benefits are payable for such claims.

23

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTIETH.    Plaintiffs' claims for "incidental costs," interest, "additional costs," attorneys fees and an "accounting of all costs and reimbursements" seek consequential damages that are not available under ERISA §502(a)(1)(B) and ERISA §502(a)(3) and must be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-FIRST.    Plaintiffs' claim for "declaratory relief providing that all costs associated with future procedures related to Mrs. Kaufman's congenital condition are covered benefits," is subject to dismissal because it is inconsistent with the explicit terms of the governing ERISA Plan and seeks relief not provided for by ERISA §502(a)(1)(B) or ERISA §502(a)(3).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-SECOND.    Plaintiffs' claim for "declaratory relief providing that defendants (a) have wrongfully denied plaintiff's claims for benefits; (b) intentionally acted in bad faith and (c) intentionally engaged in tactics of delay and obfuscation" must be dismissed because it seeks relief unavailable under ERISA §502(a)(1)(B) or ERISA §502(a)(3).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-THIRD.    Plaintiffs' claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the underlying ERISA Plans.

NY/530585v1

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-FOURTH.        Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-FIFTH.        Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-SIXTH.        This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against the answering defendant.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-SEVENTH.        The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the Complaint.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-EIGHTH.        Defendants acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiffs are barred from recovery for her claims in this action and the purported claims asserted therein.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWENTY-NINTH.        Defendants, as claim fiduciaries for the subject Plans, are granted complete authority to review all denied claims for benefits under the group contract and discretionary authority to determine: whether and to what extent employees

25

are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and the defendants are deemed to have properly exercised this authority unless it abuses its discretion by action arbitrarily and capriciously.  The defendants' decision making was not arbitrary or capricious and therefore, the Court cannot disturb their determination concerning plaintiffs' claims.

### AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTIETH.      The defendants fully performed their duties, if any, and plaintiffs are estopped to assert any cause of action against them.

### AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTY-FIRST.      All actions about which plaintiffs complain were either required or permitted by applicable law.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTY-SECOND.      Plaintiffs have no cognizable claim under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTY-THIRD.      Defendants    UNITEDHEALTH    GROUP INC., UNITED HEALTHCARE, UNITED HEALTHCARE OF NEW YORK, INC. and OXFORD HEALTH PLANS LLC are not proper parties to this action because none of these parties administered or insured the claims plaintiffs identify in their Complaint.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTY-FOURTH.      Plaintiff GLENN KAUFMAN's claims are subject to dismissal because none of the services in issue pertain to him.

NY/530585v1

## AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTY-FIFTH.        Plaintiffs' claims are barred to the extent that they seek health benefits considered and denied by IPRO, New York's external appeal agent, during the external appeal process pursued by plaintiffs.  N.Y. INS. LAW §4914(b)(4)(A)(iv) (McKinney's 2007 & Supp. 2008); N.Y. PUB. HEALTH LAW §4914(2)(d)(iv) (McKinney's 2002 & Supp. 2008).

## AS AND FOR AN TWENTIETH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTY-SIXTH.        Plaintiffs' claims for interest, consequential damages, legal damages, accounting, and other forms of non-equitable relief are preempted by ERISA.

## AS AND FOR AN TWENTY-FIRST AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTY-SEVENTH.        Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable defendant to determine whether it may have additional defenses in this action.  Therefore, defendant reserves the right to assert such additional defenses if they later become apparent.

## OBJECTION TO JURY DEMAND

Answering defendants object to plaintiffs' Jury Demand because plaintiffs are not entitled to a trial by jury of any claim asserted against these answering defendants.  DeFelice v. International Assurance Co. of New York, 112 F.3d 61 (2nd Cir. 1997); Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2nd Cir. 1996).

**WHEREFORE**,        defendants,        UNITEDHEALTH        GROUP        INC., UNITEDHEALTHCARE, UNITED HEALTHCARE INSURANCE COMPANY OF NEW

YORK, UNITEDHEALTHCARE OF NEW YORK, INC., OXFORD HEALTH PLANS LLC and OXFORD HEALTH PLANS (NY), INC., pray:

1.  That the action be dismissed, or that judgment be entered in favor of defendants, UNITEDHEALTH GROUP INC., UNITEDHEALTHCARE, UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, UNITEDHEALTHCARE OF NEW YORK, INC., OXFORD HEALTH PLANS LLC and OXFORD HEALTH PLANS (NY), INC., and against plaintiffs;

2.  that defendants, UNITEDHEALTH GROUP INC., UNITEDHEALTHCARE, UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, UNITEDHEALTHCARE OF NEW YORK, INC., OXFORD HEALTH PLANS LLC and OXFORD HEALTH PLANS (NY), INC. be awarded costs of suit incurred herein;

3.  that defendants, UNITEDHEALTH GROUP INC., UNITEDHEALTHCARE, UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, UNITEDHEALTHCARE OF NEW YORK, INC., OXFORD HEALTH PLANS LLC and OXFORD HEALTH PLANS (NY), INC., be awarded reasonable attorney's fees; and

4.     that defendants, UNITEDHEALTH GROUP INC., UNITEDHEALTHCARE, UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, UNITEDHEALTHCARE OF NEW YORK, INC., OXFORD HEALTH PLANS LLC and OXFORD HEALTH PLANS (NY), INC., be awarded such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 8, 2008

                                 Respectfully Submitted,


                                 s/ _____
                                 MICHAEL H. BERNSTEIN (MB 0579)
                                 SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                 125 Broad Street, 39th Floor
                                 New York, New York 10004-2400
                                 Telephone: (212) 422-0202
                                 Facsimile:  (212) 422-0925
                                 (SDMA File No. 2072-060095)
                                 *Attorneys for Defendants*
                                 *UNITEDHEALTH GROUP INC.,*
                                 *UNITEDHEALTHCARE, UNITED HEALTHCARE*
                                 *INSURANCE COMPANY OF NEW YORK,*
                                 *UNITEDHEALTHCARE OF NEW YORK, INC.,*
                                 *OXFORD HEALTH PLANS LLC and OXFORD*
                                 *HEALTH PLANS (NY), INC.*

TO:
Max R. Shulman, Esq.
CRAVATH, SWAIN & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
mshulman@cravath.com
*Attorneys for Plaintiffs*

29

## <u>CERTIFICATE OF SERVICE</u>

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of

the attached **ANSWER (for all defendants)** was served **ECF and Regular Mail** on August 8,

2008, upon the following:

> Max R. Shulman, Esq.
> CRAVATH, SWAIN & MOORE LLP
> 825 Eighth Avenue
> New York, New York 10019
> Telephone: (212) 474-1000
> mshulman@cravath.com
> ***Attorneys for Plaintiffs***

Dated:  New York, New York
        August 8, 2008

s/ _____
        MICHAEL H. BERNSTEIN (MB 0579)

30

NY/530585v1